UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| DEREK DONNELL McNAIR, ) | |
| ) | |
| Plaintiff, ) | Civil No. 11-274-GFVT |
| ) | |
| v. ) | |
| ) | |
| R. CLARK, *et al.*, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Defendants. ) | **ORDER** |
| ) | |

\*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*   \*\*\*\*\*

Derek Donnell McNair is an inmate confined at the United States Penitentiary in Florence, Colorado. Proceeding without counsel, McNair has sued prison officials pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971), two of them for allegedly assaulting him and three others for failing to prevent the assault beforehand or for failing to adequately investigate it after the fact. [R. 1, 10] The Court has granted McNair's motion to pay the $350 filing fee in installments pursuant to 28 U.S.C. § 1915. [R. 8]

The Court has reviewed the original and amended complaints, and concludes that until McNair obtains relief from the disciplinary conviction he received arising out of the altercation through habeas corpus proceedings, his claims against the officers directly involved are prematurely brought and must be dismissed without prejudice. The Court further concludes that the claims against the officers not directly involved fail as a matter of law and will be dismissed with prejudice.

**I**

In his complaint, McNair alleges that on March 2, 2011, he was walking back from the

exercise yard to his cell, handcuffed and escorted by Officer Cox. McNair states that Cox had agreed to give him an extra food tray. When Officer Clark overheard this, he told Cox that he should not do McNair any favors because he was a "rat" that had threatened to file grievances against officers for smoking cigarettes in the exercise yard. McNair told Clark, "You have no right to tell him what to do. You don't run nothing." [R. 10 at 2.]

McNair alleges that, with Cox holding on to his handcuffs, Clark then grabbed him by the hair and punched him repeatedly in the head. The beating supposedly lasted for sixty minutes. McNair claims that Clark then placed him in a headlock before driving his head into the cement floor and attempting to choke him. McNair indicates that he lost consciousness for ten minutes, during which time the officers applied additional restraints before leading him back to his cell. [R. 10 at 2-3.]

Other penitentiary officials are also accused of wrongdoing in association with this incident. Lieutenant Parsons purportedly reviewed the surveillance videotape of the incident but did not report the "abuse" to his superiors. Special Investigation Agent Corveau did not conduct an investigation into the incident notwithstanding BOP regulations requiring an investigation into every use of force by prison staff. And Warden J. Ray Ormand "allowed this abuse under his watch." [R. 10 at 3.] McNair contends that Defendants' actions constituted cruel and unusual punishment in violation of the Eighth Amendment. [R. 10 at 3.]

McNair has attached to his Complaint numerous documents he filed and received during the prison's grievance process. Those documents indicate that McNair filed a grievance on March 3, 2011, making essentially the same allegations he presents in here. That grievance was docketed as Remedy ID 630108-A1. [R. 10-2 at 8.] The warden and the regional office each indicated that his allegations were being investigated but that the results of that investigation

2

would not be disclosed to him. [R. 10-2 at 4, 9.] McNair indicates that the Central Office had not responded to his appeal within the time permitted nor as of the date he filed his Complaint.[1] [R. 10-2 at 1.] This claim therefore appears to be administratively exhausted.

Although he does not make specific reference to it in his Complaint, additional documents provided by McNair indicate that as a result of his altercation with Clark, an Incident Report was filed on March 2, 2011, charging him with a Code 224 violation for Assaulting Any Person (Less Serious Injury). [R. 10-3 at 7.] The Disciplinary Hearing Officer's [DHO] May 8, 2011 Report states:

> The written statement of R. Clark, Senior Officer . . . attests that on 03-02-2011, at approximately 1:45 p.m., he was getting ready to make a round on C1 range. You were being disruptive coming from the recreation yard, so he went to assist the officer who was escorting you. You then pulled away from Senior Officer Specialist Cox, and spat in Officer Clark's face. You were then placed on the ground.

[R. 10-3 at 8] The DHO considered McNair's statement that "I didn't spit on him," and reviewed the surveillance videotape, which both the DHO and McNair's staff representative characterized as inconclusive. As a result, the DHO found McNair guilty of the offense charged and imposed various sanctions, including the loss of twenty-seven days of good conduct time. [R. 10-3 at 9.]

On May 19, 2011, McNair filed a timely appeal from the DHO Report to the regional office challenging the sufficiency of the evidence used to convict him. However, the regional office denied the appeal on September 30, 2011, finding that the disciplinary conviction was supported by substantial evidence. [R. 10-3 at 5-6.] The documents provided do not indicate

---

[1] McNair has also filed grievance documents relating to a separate incident where he alleges an officer threatened to throw a cup of urine on him, which was assigned Remedy ID 633444. [R. 10-1 at 1-8.] These allegations do not form the basis for any claim asserted in this

whether McNair appealed that determination to the BOP's Central Office.

**II**

Because McNair has been granted permission to pay the filing fee in installments and asserts claims against government officials, the Court conducts a preliminary review of his Complaint. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). Because the plaintiff is not represented by an attorney, the complaint is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts McNair's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). But the Court must dismiss a case at any time if it determines the action (a) is frivolous or malicious, (b) fails to state a claim upon which relief can be granted, or (c) seeks monetary damages from defendants who are immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint fails to state a claim unless it sets forth sufficient factual matter which, if accepted as true, would allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged; it is not enough to allege facts that are "merely consistent with" a defendant's liability. *Ashcroft v. Iqbal*, 552 U.S. 662, 678 (2009).

In this case, the documents provided by McNair establish that he has prematurely filed suit against the officers directly involved in the altercation. In *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), the Supreme Court held that a prisoner may not bring civil rights claims under 42 U.S.C. § 1983 if doing so would necessarily imply the invalidity of his conviction or sentence until the prisoner has obtained a ruling that his conviction or sentence is invalid. Three years later, the Supreme Court applied this principle to a civil rights claim arising out of an incident in

---

action.

4

a prison which resulted in a disciplinary conviction where the prisoner forfeited good time credits. In *Edwards v. Balisok,* 520 U.S. 641 (1997), the Supreme Court held that *Heck* prevents a prisoner from asserting civil rights claims which would, if successful, necessarily imply that the disciplinary conviction is invalid, until he first obtains a reversal of that conviction. *Id.* at 646.

Here, prison officials charged and convicted McNair of assaulting Clark. By contrast, in his complaint McNair alleges that Clark assaulted him without provocation. Because these allegations, if true, would necessarily imply that his May 8, 2011 disciplinary conviction for assault is invalid, *Edwards* prevents their assertion until McNair has obtained a reversal of that disciplinary conviction through appropriate proceedings in habeas corpus. *Johnston v. Sanders*, 86 F. App'x 909, 910 (6th Cir. 2004) ("Johnston cannot challenge a disciplinary proceeding resulting in a loss of good-time credits in a *Bivens* action because his disciplinary conviction has not been reversed."); *see also Jennings v. Mitchell*, 93 F. App'x 723, 725 (6th Cir. 2004); *Orange v. Ellis*, 348 F. App'x 69, 72 (5th Cir. 2009) ("Until Orange can show that his disciplinary charges have been overturned, the court cannot redress the excessive force claim under Section 1983."); *Petty v. Rush*, 2010 WL 1796573, at *112 (E.D. Ky. 2010).

McNair also alleges that, contrary to BOP policy, after Parsons reviewed the surveillance videotape, he did not report the "abuse" to his superiors. He further alleges that Corveau did not follow policy by conducting an investigation into the use of force by prison staff, and that Ormond "allowed this abuse under his watch." These claims fail for several reasons.

First, McNair has sued each of the defendants for violating the Eighth Amendment's prohibition on cruel and unusual punishments, but he does not allege that Parsons, Corveau, or Ormond were in any way actually involved in the assault itself; rather, he merely contends that

they did not adequately investigate his allegations. [R. 10 at 3.] A successful civil rights claim requires more: in order to recover against a given defendant in a *Bivens* action, the plaintiff "must allege that the defendant [was] personally involved in the alleged deprivation of federal rights." *Nwaebo v. Hawk-Sawyer*, 83 F. App'x 85, 86 (6th Cir. 2003) (*citing Rizzo v. Goode*, 423 U.S. 362, 373-77 (1976)). The requirement of personal involvement does not mean that the particular defendant actually committed the conduct complained of, but it does require a supervisory official to have "at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct." *Hays v. Jefferson County*, 668 F.2d 869, 874 (6th Cir. 1982). The mere fact of supervisory capacity is not enough: *respondeat superior* is not an available theory of liability. *Polk County v. Dodson*, 454 U.S. 312, 325-26 (1981). Here, McNair does not allege that any of these defendants were personally involved in the assault, but only that they were required by policy to conduct an investigation after the fact, or to ensure that prison employees complied with the applicable regulations. Such allegations fall far short of the kind of direct involvement required to establish that they personally violated McNair's Eighth Amendment rights.

Second, even accepting McNair's characterization of the contents of the videotape as demonstrating abuse, an officer's failure to follow internal agency guidelines, such as to conduct an investigation under certain defined circumstances, may not comply with those internal rules, but it does not violate the Constitution. *Cf. Flanigan v. Wilson*, 2011 WL 5024432, at *3 (E.D. Ky. Oct. 20, 2011) ("[F]ailure to comply with that administrative rule does not state a constitutional claim, because the requirements of the Due Process Clause are defined by the United States Constitution, not by an agency's internal regulations.") (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541 (1985) and *Smith v. City of Salem,* 378 F.3d 566, 578

(6th Cir. 2004)). Further, in this case the altercation resulted in the issuance of an Incident Report the same day it occurred—March 2, 2011. [R. 10-3 at 7.] Processing of the Incident Report was delayed for approximately one week while staff conducted an investigation to determine whether to refer the matter for possible criminal prosecution. [R. 10-3 at 8.] Further investigation was undertaken by a lieutenant at the prison, including taking a statement from McNair, and an initial hearing was held before the Unit Disciplinary Committee. *Id.* The documents provided by McNair establish that significant investigation was undertaken regarding the altercation, including review of the surveillance videotape. McNair's claim that this investigation was not of the sort required by BOP regulations or was conducted by different personnel fails to state a claim of constitutional dimension. *Cf. Jones v. Cross*, 637 F.3d 841, 846 (7th Cir. 2011) (holding that there is no constitutional violation where a prisoner suffered no prejudice as a result of any noncompliance with prison regulations).

      Accordingly, **IT IS ORDERED** that:

      1.    The Eighth Amendment claims against Defendants R. Clark and K. Cox are **DISMISSED WITHOUT PREJUDICE.**

      2.    The Eighth Amendment claims against Defendants J. Ray Ormond, R. Parsons, and Corveau are **DISMISSED WITH PREJUDICE.**

      3.    The Court will enter an appropriate judgment.

      4.    This case is **STRICKEN** from the active docket.

This 12th day of February, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge